Chelsey M. Golightly, Bar #028431
Nicholas S. Johnson, Bar #038779
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-4442
Fax: (602) 651-7589
cgolightly@jshfirm.com
njohnson@jshfirm.com

Attorneys for Defendant Webcorp, Inc. dba Tactical Shit

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Howell, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Clever SRL, an Italian Limited Liability Company; Loading Republic Inc., a North Carolina Corporation, dba Blackwater Worldwide; Webcorp, Inc., a Missouri Corporation, dba Tactical Shit; Armscor Precision, Inc., dba Rock Island Armory; InCorp Services, Inc., a Nevada Corporation, dba Palmetto State Armory, LLC, a South Carolina Limited Liability Company,<br><br>Defendants. | No. 2:24-cv-01028-SMM<br><br>**DEFENDANT WEBCORP, INC.'S ANSWER** |

Defendant Webcorp, Inc. dba Tactical Shit ("Defendant Webcorp"), answering Plaintiff's Complaint, admits, denies and alleges:

1. Denies each and every allegation not specifically admitted herein.

## PARTIES, JURISDICTION, AND VENUE

2. The allegations contained in Paragraphs 1 and 2 of Plaintiff's Complaint are not directed at Defendant Webcorp, and therefore no response is required. To the extent a response is deemed required, Defendant Webcorp lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 1 and 2 of Plaintiff's Complaint and therefore denies the same.

117366180.1

3. Answering Paragraph 3, of Plaintiff's Complaint, Defendant Webcorp admits Defendant Webcorp is a Missouri Corporation doing business as Tactical Shit, and further admits it sold ammunition via its online website to Plaintiff Howell in Arizona. Defendant Webcorp denies the remaining allegations in Paragraph 3 of Plaintiff's Complaint insofar as they purport to state a claim against Defendant Webcorp.

4. Answering Paragraphs 4, 5, and 6 of Plaintiff's Complaint Defendant Webcorp lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 4, 5, and 6 of Plaintiff's Complaint and therefore denies the same.

5. Answering Paragraphs 7, 8, 9, and 10 of Plaintiff's Complaint, Defendant Webcorp admits venue is proper within the State of Arizona, and the Court has jurisdiction over the parties and over the subject matter of this litigation. Defendant Webcorp denies the remaining allegations contained in Paragraphs 7, 8, 9, and 10 of Plaintiff's Complaint insofar as they purport to state a claim against Defendant Webcorp. Defendant agrees to a jury trial.

## GENERAL ALLEGATIONS

6. Answering Paragraph 11 of Plaintiff's Complaint, Defendant Webcorp incorporates by reference all of its prior responses in Paragraphs 1 through 5 above.

7. Answering Paragraph 12 of Plaintiff's Complaint, Defendant Webcorp admits Plaintiff Howell purchased four boxes of Blackwater Ammunition Heavy Hitter 12-gauge ¾ inch Sabot Slugs on August 9, 2021, and purchased six boxes of Blackwater Ammunition Heavy Hitter 12-gauge ¾ inch Sabot Slugs on September 13, 2021. Defendant Webcorp denies the remaining allegations asserted in Paragraph 12 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

8. Answering Paragraphs 13-53 of Plaintiff's Complaint, Defendant Webcorp lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraphs 13 - 53 of Plaintiff's Complaint and therefore denies the same.

2

117366180.1

9. Defendant Webcorp admits the allegations contained in Paragraphs 54 and 55 of Plaintiff's Complaint insofar as a product recall was issued by Blackwater for Blackwater's Heavy Hitter 12-gauge Sabot Slug ammo in June of 2022.

10. Defendant Webcorp admits the allegations contained in Paragraphs 56-60 of Plaintiff's Complaint.

11. Answering Paragraph 61 of Plaintiff's Complaint, Defendant Webcorp admits Plaintiff Howell purchased four boxes of Blackwater Ammunition Heavy Hitter 12-gauge ¾ inch Sabot Slugs on August 9, 2021, and purchased six boxes of Blackwater Ammunition Heavy Hitter 12-gauge ¾ inch Sabot Slugs on September 13, 2021. Defendant Webcorp denies the remaining allegations asserted in Paragraph 61 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

12. Answering Paragraph 62 of Plaintiff's Complaint, Defendant Webcorp lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 62 of Plaintiff's Complaint and therefore denies the same.

## COUNT ONE

### Product Liability: Manufacturing Defect

### (Strict Products Liability)

13. Answering Paragraph 63 of Plaintiff's Complaint, Defendant Webcorp incorporates by reference all of its prior responses in Paragraphs 1 through 12 above.

14. Paragraph 64 of Plaintiff's Complaint does not require a response from this Answering Defendant. To the extent a response is required, Defendant admits Plaintiff is asserting a product liability claim against the Defendants. Defendant Webcorp denies it is liable for products liability.

15. Paragraph 65 of Plaintiff's Complaint is a pure statement of law and, as such, no affirmative response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 65 of Plaintiff's Complaint insofar as they purport to state a claim against Defendant Webcorp.

3

117366180.1

16. Defendant Webcorp admits the allegations contained in Paragraph 66 of Plaintiff's Complaint insofar that Defendant Webcorp is a merchant that routinely deals in goods of this type. Defendant Webcorp denies the remaining allegations contained in Paragraph 66 Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

17. The allegations contained in Paragraphs 67-70 of Plaintiff's Complaint are not directed at Defendant Webcorp and therefore no response is required. To the extent a response is deemed required, Defendant Webcorp lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 67-70 of Plaintiff's Complaint and therefore denies the same.

18. Defendant Webcorp admits the allegations contained in Paragraph 71 of Plaintiff's Complaint insofar as Defendant Webcorp is considered a merchant routinely dealing in goods of this type pursuant to A.R.S. 47-2104(A). Defendant Webcorp denies the remaining allegations contained in Paragraph 71 of Plaintiff's Complaint insofar as they purport to state a claim against Defendant Webcorp.

19. Defendant Webcorp admits the allegations contained in Paragraph 72 of Plaintiff's Complaint.

20. Paragraph 73 of Plaintiff's Complaint is a pure statement of law and, as such, no affirmative response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 73 of Plaintiff's Complaint insofar as they purport to state a claim against Defendant Webcorp.

21. Defendant Webcorp denies the allegations contained in Paragraph 74 of Plaintiff's Complaint insofar as they purport to state a claim against Defendant Webcorp.

22. Paragraph 75 of Plaintiff's Complaint is a pure statement of law and, as such, no affirmative response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 75 of Plaintiff's Complaint insofar as they purport to state a claim against Defendant Webcorp.

117366180.1

23. Defendant Webcorp denies the allegations contained in Paragraph 76 of Plaintiff's Complaint insofar as they purport to state a claim against Defendant Webcorp.

24. Paragraphs 77-80 of Plaintiff's Complaint are pure statements of law and, as such, no affirmative responses are required. To the extent responses are deemed required, Defendant denies the allegations contained in Paragraphs 77-80 of Plaintiff's Complaint insofar as they purport to state a claim against Defendant Webcorp.

25. Answering Paragraph 81 of Plaintiff's Complaint, Defendant Webcorp denies Defendant Webcorp manufactured the shotgun and ammunition involved in the subject incident. Defendant Webcorp lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in the remaining allegations contained in Paragraph 81 of Plaintiff's Complaint and therefore denies the same, insofar as they purport to state a claim against Defendant Webcorp.

26. Answering Paragraph 82 of Plaintiff's Complaint, Defendant Webcorp lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 82 of Plaintiff's Complaint, and therefore denies the same, insofar as it purports to state a claim against Defendant Webcorp.

27. Defendant Webcorp denies the allegations contained in Paragraphs 83-85 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

## COUNT TWO

### Product Liability: Manufacturing Defect

### (Negligence)

28. Answering Paragraph 86 of Plaintiff's Complaint, Defendant Webcorp incorporates by reference all of its prior responses in Paragraphs 1 through 27 above.

29. Paragraph 87 of Plaintiff's Complaint does not require a response from this Answering Defendant. To the extent a response is required, Defendant admits

117366180.1

Plaintiff is asserting a product liability claim against the Defendants. Defendant Webcorp denies it is liable for products liability.

30. Paragraph 88 of Plaintiff's Complaint is a pure statement of law and, as such, no affirmative response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 88 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

31. Defendant Webcorp denies the allegations contained in Paragraph 89 of Plaintiff's Complaint, insofar as it purports to state a claim against Defendant Webcorp.

32. Paragraph 90 of Plaintiff's Complaint is a pure statement of law and, as such, no affirmative response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 90 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

33. Defendant Webcorp denies the allegations contained in Paragraph 91 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

34. Paragraphs 92-95 of Plaintiff's Complaint are not directed at Defendant Webcorp and therefore no response is required. To the extent a response is deemed required, Defendant Webcorp denies the allegations contained in Paragraphs 92-95 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

35. Defendant Webcorp admits the allegations contained in Paragraph 96 of Plaintiff's Complaint insofar as Defendant Webcorp is considered a merchant routinely dealing in goods of this type pursuant to A.R.S. § 47-2104(A). Defendant Webcorp denies the remaining allegations contained in Paragraph 96 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

36. Defendant Webcorp denies the allegations contained in Paragraphs 97 and 98 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

117366180.1

## COUNT THREE

### Product Liability: Gross Negligence

37. Answering Paragraph 99 of Plaintiff's Complaint, Defendant Webcorp incorporates by reference all of its prior responses in Paragraphs 1 through 36 above.

38. Defendant Webcorp denies the allegations contained in Paragraphs 100 and 101 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

39. Paragraph 102 of Plaintiff's Complaint is not directed at Defendant Webcorp and therefore no response is required. To the extent a response is deemed required, Defendant Webcorp denies the allegations contained in Paragraph 102 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

40. Defendant Webcorp denies the allegations contained in Paragraphs 103 and 104 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

41. Paragraphs 105-108 of Plaintiff's Complaint are not directed at Defendant Webcorp and therefore no response is required. To the extent a response is deemed required, Defendant Webcorp denies the allegations contained in Paragraphs 105, 106, 107, and 108 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

42. Defendant Webcorp admits the allegations contained in Paragraph 109 of Plaintiff's Complaint, insofar as Defendant Webcorp is considered a merchant routinely dealing in goods of this type pursuant to A.R.S. § 47-2104(A). Defendant Webcorp denies the remaining allegations contained in Paragraph 109 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

43. Defendant Webcorp denies the allegations contained in Paragraphs 110-113 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

117366180.1

# COUNT FOUR

## Product Liability: Design Defect

### (Strict Products Liability)

44. Answering Paragraph 114 of Plaintiff's Complaint, Defendant Webcorp incorporates by reference all of its prior responses in Paragraphs 1 through 43 above.

45. Defendant Webcorp admits the allegations contained in Paragraph 115 of Plaintiff's Complaint, insofar as Defendant Webcorp is considered a merchant routinely dealing in goods of this type. Defendant Webcorp denies the remaining allegations contained in Paragraph 115 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

46. Paragraphs 116-119 of Plaintiff's Complaint are not directed at Defendant Webcorp and therefore no response is required. To the extent a response is deemed required, Defendant Webcorp denies the allegations contained in Paragraphs 116, 117, 118, and 119 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

47. Defendant Webcorp admits the allegations contained in Paragraph 120 of Plaintiff's Complaint, insofar as Defendant Webcorp is considered a merchant who routinely deals in goods of this type pursuant to A.R.S. 47-2104(A). Defendant Webcorp denies the remaining allegations contained in Paragraph 120 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

48. Paragraph 121 of Plaintiff's Complaint is a pure statement of law and, as such, no affirmative response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 121 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

49. Defendant Webcorp denies the allegations contained in Paragraph 122 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

117366180.1

50. Paragraph 123 of Plaintiff's Complaint is a pure statement of law and, as such, no affirmative response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 123 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

51. Answering Paragraphs 124 and 125 of Plaintiff's Complaint, Defendant Webcorp lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraphs 124 and 125 of Plaintiff's Complaint and therefore denies the same.

52. Defendant Webcorp denies the allegations contained in Paragraph 126 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

## COUNT FIVE

### Product Liability: Design Defect

### (Negligence)

53. Answering Paragraph 127 of Plaintiff's Complaint, Defendant Webcorp incorporates by reference all of its prior responses in Paragraphs 1 through 52 above.

54. Defendant Webcorp admits the allegations contained in Paragraph 128 of Plaintiff's Complaint, insofar as Defendant Webcorp is considered a merchant who routinely deals in goods of this type. Defendant Webcorp denies the remaining allegations contained in Paragraph 128 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

55. Paragraph 129 of Plaintiff's Complaint is a pure statement of law and, as such, no affirmative response is required. To the extent a response is deemed required, Defendant Webcorp denies the remaining allegations in Paragraph 129 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

56. Paragraphs 130-133 of Plaintiff's Complaint are not directed at Defendant Webcorp and therefore no response is required. To the extent a response is

deemed required, Defendant Webcorp denies the allegations contained in Paragraphs 130-133 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

57. Defendant Webcorp admits the allegations contained in Paragraph 134 of Plaintiff's Complaint insofar as Defendant Webcorp is considered a merchant who routinely deals in goods of this type pursuant to A.R.S. § 47-2104(A). Defendant Webcorp denies the remaining allegations contained in Paragraph 134 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

58. Defendant Webcorp denies the allegations contained in Paragraph 135 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

59. Paragraphs 136-139 of Plaintiff's Complaint are not directed at Defendant Webcorp and therefore no response is required. To the extent a response is deemed required, Defendant Webcorp denies the allegations contained in Paragraphs 136, 137, 138, and 139 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

60. Defendant Webcorp admits the allegations contained in Paragraph 140 of Plaintiff's Complaint, insofar as Defendant Webcorp is considered a merchant who routinely deals in goods of this type pursuant to A.R.S. § 47-2104(A). Defendant Webcorp denies the remaining allegations contained in Paragraph 140 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

61. Paragraph 141 of Plaintiff's Complaint is a pure statement of law and, as such, no affirmative response is required. To the extent a response is deemed required, Defendant Webcorp denies the allegations in Paragraph 141 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

62. Answering Paragraph 142 of Plaintiff's Complaint, Defendant Webcorp lacks knowledge or information sufficient to form a belief as to the truth of the

117366180.1

matter asserted in Paragraph 142 of Plaintiff's Complaint and therefore denies the same, insofar as it purports to state a claim against Defendant Webcorp.

63. Paragraphs 143 and 144 of Plaintiff's Complaint are pure statements of law and, as such, no affirmative responses are required. To the extent responses are deemed required, Defendant Webcorp denies the allegations in Paragraphs 143 and 144 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

64. Defendant Webcorp denies the allegations contained in Paragraphs 145 and 146 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

## COUNT SIX

### Product Liability: Marketing Defect/Inadequate Warnings

### (Strict Liability)

65. Answering Paragraph 147 of Plaintiff's Complaint, Defendant Webcorp incorporates by reference all of its prior responses in Paragraphs 1 through 64 above.

66. Defendant Webcorp denies the allegations contained in Paragraph 148 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

67. Paragraphs 149-151 of Plaintiff's Complaint are pure statements of law and, as such, no affirmative responses are required. To the extent responses are deemed required, Defendant Webcorp denies the allegations in Paragraphs 149-151 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

68. Defendant Webcorp denies the allegations contained in Paragraphs 152-155 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

117366180.1

**COUNT SEVEN**

**Product Liability: Marketing Defect/Inadequate Warnings**

**(Negligence)**

69. Answering Paragraph 156 of Plaintiff's Complaint, Defendant Webcorp incorporates by reference all of its prior responses in Paragraphs 1 through 68 above.

70. Paragraphs 157 and 158 of Plaintiff's Complaint are pure statements of law and, as such, no affirmative responses are required. To the extent responses are deemed required, Defendant Webcorp denies the allegations in Paragraphs 157 and 158 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

71. Paragraphs 159-162 of Plaintiff's Complaint are not directed at Defendant Webcorp and therefore no response is required. To the extent a response is deemed required, Defendant Webcorp denies the allegations contained in Paragraphs 159, 160, 161, and 162 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

72. Defendant Webcorp admits the allegations contained in Paragraph 163 of Plaintiff's Complaint, insofar as Defendant Webcorp is considered a merchant who routinely deals in goods of this type pursuant to A.R.S. § 47-2104(A). Defendant Webcorp denies the remaining allegations contained in Paragraph 163 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

73. Defendant Webcorp denies the allegations contained in Paragraphs 164 and 165 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

117366180.1

## COUNT EIGHT

### A.R.S. § 47-2313

### (Breach of Express Warranty)

74. Answering Paragraph 166 of Plaintiff's Complaint, Defendant Webcorp incorporates by reference all of its prior responses in Paragraphs 1 through 73 above.

75. Paragraph 167 of Plaintiff's Complaint is a pure statement of law and, as such, no affirmative response is required. To the extent a response is deemed required, Defendant Webcorp denies the allegations in Paragraph 167 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

76. Defendant Webcorp denies the allegations contained in Paragraph 168 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

77. Paragraphs 169 and 170 of Plaintiff's Complaint are pure statements of law and are not directed towards Defendant Webcorp, and, as such, no affirmative responses are required. *See*, Ariz. R. Civ. P. (8). To the extent responses are deemed required, Defendant Webcorp denies the allegations in Paragraphs 169 and 170 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

78. Defendant Webcorp denies the allegations contained in Paragraphs 171-173 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

## COUNT NINE

### A.R.S. § 47-2314

### Breach of Implied Warranty of Merchantability

### (Strict Liability)

79. Answering Paragraph 174 of Plaintiff's Complaint, Defendant Webcorp incorporates by reference all of its prior responses in Paragraphs 1 through 78 above.

117366180.1

80. Paragraphs 175-178 of Plaintiff's Complaint are pure statements of law and, as such, no affirmative responses are required. To the extent responses are deemed required, Defendant Webcorp denies the allegations in Paragraphs 175-178 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

81. Defendant Webcorp lacks sufficient knowledge or information to form a belief as to the truth of the matter asserted in Paragraph 179 of Plaintiff's Complaint and therefore denies the same, insofar as it purports to state a claim against Defendant Webcorp.

82. Answering Paragraph 180 of Plaintiff's Complaint, Defendant Webcorp admits Defendant Webcorp had knowledge of Plaintiff's intended purpose for using the subject ammunition he purchased from Defendant Webcorp. Defendant Webcorp lacks knowledge or information sufficient to form a belief as to the truth of whether the alleged ammunition exploded without Plaintiff Howell engaging the trigger of the weapon. Defendant Webcorp denies the remaining allegations contained in Paragraph 180 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

## COUNT TEN
## A.R.S. § 47-2315
**Breach of Implied Warranty of Quality or Fitness for a Particular Purpose**
**(Negligence)**

83. Answering Paragraph 181 of Plaintiff's Complaint, Defendant Webcorp incorporates by reference all of its prior responses in Paragraphs 1 through 82 above.

84. Defendant Webcorp denies the allegations contained in Paragraph 182 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

85. Paragraphs 183-187 of Plaintiff's Complaint are pure statements of law and, as such, no affirmative responses are required. To the extent responses are deemed

117366180.1

required, Defendant Webcorp denies the allegations in Paragraphs 183-187 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

86.     Answering Paragraph 188 of Plaintiff's Complaint, Defendant Webcorp lacks knowledge or information sufficient to form a belief as to the truth of whether the alleged ammunition exploded without Plaintiff Howell engaging the trigger of the weapon. Defendant Webcorp admits it knew the particular purpose for which the subject goods were sold. However, Defendant Webcorp denies the remaining allegations contained in Paragraph 188 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

87.     Defendant Webcorp admits the allegations contained in Paragraph 189 of Plaintiff's Complaint.

88.     Answering Paragraph 190 of Plaintiff's Complaint, Defendant Webcorp lacks knowledge or information sufficient to form a belief as to the truth of whether the alleged ammunition exploded without Plaintiff Howell engaging the trigger of the weapon. Defendant Webcorp denies the remaining allegations contained in Paragraph 190 of Plaintiff's Complaint, insofar as they purport to state a claim against Defendant Webcorp.

89.     Defendant Webcorp denies the allegations contained in Paragraph 191 of Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

1.     Defendant Webcorp alleges by way of affirmative defense that Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant Webcorp.

2.     As and for a separate defense, and in the alternative, Defendant Webcorp alleges some of Plaintiff's alleged conditions and damages may have been pre-existing, and damages being claimed may be due to conditions, incidents, events, persons, entities, facts or circumstances unrelated to the accident, which is the subject matter of this lawsuit, and therefore not properly recoverable by Plaintiff from Defendant Webcorp.

15

3. As and for a separate defense, and in the alternative, Defendant Webcorp alleges Plaintiff may have failed to mitigate his alleged damages.

4. As and for a separate defense, and in the alternative, Defendant Webcorp alleges Plaintiff was contributorily negligent and/or that any damages received by Plaintiff were the result of an intervening/superseding cause or through the negligence of someone other than Defendant Webcorp, all of which bars or reduces recovery to the Plaintiff herein from Defendant Webcorp.

5. As and for a separate defense, and in the alternative, Defendant Webcorp alleges Plaintiff may have modified the products sold to Plaintiff by Defendant Webcorp.

6. As and for a separate defense, and in the alternative, Defendant Webcorp alleges Plaintiff may have misused the products sold to Plaintiff by Defendant Webcorp.

7. As and for a separate defense, and in the alternative, Defendant Webcorp alleges Plaintiff was negligent in whole or in part, thereby reducing or eliminating any damages owing by Defendant Webcorp by way of the doctrine of comparative negligence.

8. As and for a separate defense, and in the alternative, Defendant Webcorp alleges that if indeed Defendant Webcorp is determined to be liable for the allegations alleged in the Complaint, Defendant Webcorp is entitled to contribution from other named and unnamed Defendants by way of the doctrine of contribution.

9. As and for a separate defense, and in the alternative, Defendant denies it is the manufacturer of any goods sold that are the subject of this action.

10. As and for a separate defense, and in the alternative, Defendant asserts all those defenses available to it under A.R.S. §§ 12-683 and 12-686.

16

117366180.1

11. As and for a separate defense, and in the alternative, Defendant asserts all those defenses available to it under A.R.S. § 12-684, with respect to defense and indemnification from the manufacturer or any seller who modified the product.

12. As and for a separate defense, and in the alternative, Defendant asserts that any evidence of a recall is not admissible against this answering Defendant.

13. Although Defendant Webcorp does not presently have specific facts in support of the remaining defenses, he wishes to put counsel for Plaintiff on notice that Defendant Webcorp hereby raises the following defenses which, through subsequent discovery, may indeed be supported by the facts: assumption of risk, abatement under Rule 6(f), lack of jurisdiction over the subject matter, lack of jurisdiction over the person, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, insufficiency of process and insufficiency of service of process.

WHEREFORE, having fully answered the allegations of Plaintiff's Complaint, Defendant Webcorp prays that same be dismissed with prejudice, that Plaintiff take nothing thereby, that Defendant Webcorp be awarded his costs and attorney fees incurred herein, and for such other and further relief as to this Court deems just and proper.

DATED this 23rd day of August, 2024.

JONES, SKELTON & HOCHULI, P.L.C.

By */s/ Nicholas Johnson*
Chelsey M. Golightly
Nicholas S. Johnson
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendant Webcorp, Inc.
dba Tactical Shit

117366180.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of August, 2024, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

Andrew Marcantel, Esq.
Pierre B. Whyte, Esq.
Attorneys for Freedom
3185 S. Price Road
Chandler, AZ 85248
andy@attorneysforfreedom.com
pierre@attorneysforfreedom.com
Attorneys for Plaintiff

*/s/ Crystal Wong*

117366180.1